## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 23-349 (DWF/JFD) |
| Plaintiff, | |
| v. | ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION |
| Denzel Christopher Meeks, | |
| Defendant. | |

### INTRODUCTION

Defendant Denzel Christopher Meeks moves to suppress evidence obtained pursuant to nine search warrants. (Doc. No. 70.) In a Report and Recommendation ("R&R"), Magistrate Judge John F. Docherty recommended granting in part and denying in part the motion. (Doc. No. 82.) The United States of America (the "Government") and Meeks objected to the R&R. (Doc. Nos. 86, 87.) Each party submitted a response in opposition to the other's objections. (Doc. Nos. 90, 91.) After a careful review, the Court adopts in part and modifies in part the R&R and grants in part and denies in part the motion to suppress.

### DISCUSSION

The Court has conducted a de novo review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background was clearly and precisely set forth in Magistrate Judge Docherty's R&R and is incorporated by reference.

In the R&R, Magistrate Judge Docherty recommended granting the motion to suppress as to the Facebook tracking warrant ("Warrant 1") and denying the motion to suppress as to the remaining eight warrants. After analyzing Warrant 1, Magistrate Judge Docherty found that there was not a substantial basis for the initial probable cause finding. (Doc. No. 82 at 8-9.) He came to this conclusion after finding that the statements from the confidential reliable informant ("CRI") and statements about gang affiliation must be excised from the supporting affidavit because of their conclusory nature and lack of reliability. (*Id.* at 7-8.) Next, he found that the *Leon* good faith exception did not apply to Warrant 1 because the supporting affidavit was so wholly lacking in indicia of probable cause that belief in its existence was entirely unreasonable. (*Id.* at 9-10 (citing *United States v. Leon*, 468 U.S. 897 (1984)).) Therefore, Magistrate Judge Docherty recommended that the Court suppress any evidence obtained pursuant to the Warrant 1. (*Id.* at 10.)

Magistrate Judge Docherty then analyzed the remaining eight warrants. The subsequent eight warrants did not rely on information gathered under Warrant 1, but did rely on the same CRI tip and gang affiliation statement. Accordingly, Magistrate Judge Docherty independently analyzed those warrants, but similarly excised the CRI tip and gang affiliation. (*Id.*) After this analysis, he found that all eight warrants were supported by probable cause and recommended denying the motion to suppress as to those warrants. (*See id.* at 13-22.)

Following its entry, both parties objected to the R&R. The Court addresses each party's objections below, starting with the Government.

I.      **The Government's Objections**

The Government does not challenge Magistrate Judge Docherty's conclusion that Warrant 1 was not supported by probable cause and is not subject to the *Leon* good faith exception.[1] Rather, the Government objects to Magistrate Judge Docherty's decision to excise the CRI tip from the probable cause statement in the subsequent eight warrants. (Doc. No. 86 at 2.) The Government contends that the affiant, Detective Troy Peek, independently corroborated information from the CRI, and therefore, the tip can be relied upon in the other warrants.[2] (*Id.* at 3-5.)

As the R&R explained, the only details Detective Peek corroborated pertained to Meeks's identity. He did not corroborate any details beyond identity, such as, rental vehicle records, odometer readings consistent with a trip to Chicago, or the identity of the "unwitting" party. This is not enough for a CRI tip to be considered reliable through corroboration. While "corroboration of minor, innocent details can suffice," *United States v. Keys*, 721 F.3d 512, 518 (8th Cir. 2013) (quoting *United States v. Rodriguez*, 711

---

[1] The Government states that no evidence was obtained pursuant to Warrant 1, and even if there were evidence, it does not intend to introduce such evidence at trial. (Doc. No. 86 at 1-2.) Consequently, it argues that the motion to suppress is moot as to Warrant 1. (*Id.* at 2.) The Court disagrees and adopts Magistrate Judge Docherty's recommendation because Warrant 1 relates to the remaining warrants and the analysis of Warrant 1's validity impacts the analysis of the other warrants.

[2] The use of "CRI" in this case is a misnomer because Detective Peek did not include any information about the CRI's reliability in the supporting affidavits. Calling an informant reliable is not enough to prove their reliability. *See United States v. Knutson*, 967 F.3d 754, 758-59 (8th Cir. 2020) (discussing the reliability standard). Had Detective Peek included information about the CRI's track record of reliability in the affidavits, independent corroboration may not have been necessary. *See id.*

F.3d 928, 936 (8th Cir. 2013)), merely identifying the person that a CRI gives a tip about is not sufficient corroboration.

In coming to this conclusion, the Court does not imply that law enforcement must corroborate the alleged illegal activity itself. *See United States v. Morales*, 923 F.2d 621, 625 (8th Cir. 1991) (explaining that it is unnecessary to verify the "illicit" or "furtive" activity). However, in a case where corroboration is necessary, law enforcement must confirm some aspect of the activity or behavior beyond identity. A rule allowing tips such as this one to be corroborated solely by confirming the individual's identity would go too far and allow any tip of illegal activity with a corroborated identity to serve as the basis for a warrant. The Court overrules the Government's objection.

**II.     Meeks's Objections**

Meeks objects to Magistrate Judge Docherty's conclusion that there was a sufficient basis to find probable cause for the remaining eight warrants, even after excising the CRI tip and gang affiliation. The Court addresses each of the warrants and corresponding objections in chronological order.

**A.     AT&T Tracking Warrant ("Warrant 2")**

The affidavit in support of Warrant 2 included the CRI tip as well as new information about Detective Peek's recent observations of Meeks. Those observations included one possible hand-to-hand transaction at a gas station and three consecutive stops at apartment buildings for 8-10 minutes at a time. Without the CRI tip, Meeks argues that these stops are insufficient to support a finding of probable cause. (Doc. No. 87 at 2-4.) Specifically, Meeks emphasizes that the gas station interaction was a one-

time observation, Detective Peek did not observe any drugs or drug paraphernalia during these four alleged drug sales, this activity is consistent with that of a delivery driver, Detective Peek's affidavit was too vague as to timing, and Detective Peek did not explain how he located Meeks in the first place. (*See id.*)

The Court finds that the new information provides a sufficient basis for a finding of probable cause. First, while the alleged transaction at the gas station was a one-time observation, it was followed by the three suspicious apartment stops. Second, observing drugs or drug paraphernalia was unnecessary here as Detective Peek tied the nature of these short encounters to his experience investigating drug trafficking. Third, a possible innocent explanation of suspicious facts does not prohibit reliance on those facts in finding probable cause. *See District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018). Instead, courts must look at "the degree of suspicion that attaches to particular types of noncriminal acts." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)). There is a sufficient basis to find a higher degree of suspicion attaches to Meeks's behavior. Fourth, the Court agrees that Detective Peek's affidavit could have been more specific as to timing but finds that the details in the affidavit are sufficient. Lastly, Meeks seems to suggest that Detective Peek committed unconstitutional acts to locate Meeks and observe him, including possibly using tracking data obtained pursuant to Warrant 1. There is no evidence before the Court that confirms this suggestion. Without more, this is only an allegation and does not impact the Court's probable cause analysis. The Court overrules Meeks's objections as to Warrant 2.

### B.     2015 Dodge Durango Tracking Warrant ("Warrant 3")

The affidavit in support of Warrant 3 relied on the same information as Warrant 2 along with some tracking information gathered under Warrant 2. Meeks raises the same objections to the information used in support of Warrant 2 and argues that this is insufficient, even with the additional tracking information. (Doc. No. 87 at 5.) Because the Court found that the information in Warrant 2 provided a sufficient basis for probable cause, the Court likewise finds that there was a sufficient basis for probable cause here. There is a nexus to the 2015 Dodge Durango (the "Durango") because Detective Peek observed Meeks using it at the gas station and the apartment stops. The Court overrules Meeks's objections as to Warrant 3.

### C.     2017 Chevrolet Impala Tracking Warrant ("Warrant 4")

The affidavit in support of Warrant 4 relied on the same information as Warrant 3 as well as new observations of short stops by Meeks in the Durango at two motels in high crime areas. To tie Meeks to the 2017 Chevrolet Impala (the "Impala"), Detective Peek explained that he observed Meeks bring the Durango to a mechanic shop and later saw him driving with his girlfriend in the Impala, which was registered to his girlfriend. He also included that police conducted a warrantless ion swab of the Impala that came back positive for cocaine and THC. The affidavit does not include any other information tying the Impala to drug trafficking. Magistrate Judge Docherty explained that probable cause is a closer call on this warrant because of the weaker nexus between the Impala and the alleged drug trafficking. (*See* Doc. No. 82 at 15-16.) Meeks reiterates his Warrant 3

6

objections but also argues that the warrantless ion swab was unconstitutional and that there is insufficient information to find a nexus. (Doc. No. 87 at 5-8.)

First, the Court agrees that the warrantless ion swab of the Impala was unconstitutional. The Court is persuaded by the analysis of this issue in *United States v. Dirksmeyer*, No. 23-cr-338, 2025 WL 211521 (D. Minn. Jan. 16, 2025). There, the court found that an ion swab constitutes a search under the Fourth Amendment, but that a warrant is not required because the automobile exception applies. *Id.* at *7. The automobile exception allows a warrantless search of a vehicle so long as there is probable cause to believe the vehicle will contain evidence of illegal conduct. *Id.* at *8 (citing *United States v. Davis*, 569 F.3d 813, 816 (8th Cir. 2009)). Thus, the Court must determine whether there was probable cause to believe that the Impala would contain evidence of drug trafficking.

The Court respectfully disagrees with Magistrate Judge Docherty and finds that there was not probable cause to support an ion swab of the Impala. While there was information about activity consistent with drug trafficking that could be directly tied to the Durango, there was nothing tying that activity to the Impala. The Impala was registered to Meeks's girlfriend. Detective Peek reported seeing Meeks drive it one time, and that was with his girlfriend present. Accordingly, the Court excises the ion swab references from the supporting affidavit.[3]

---

[3] Meeks also argues that the warrantless ion swab of the Durango was unconstitutional. The Court finds that there was probable cause as to the Durango because Detective Peek observed Meeks's suspicious activity while he was driving the Durango. Therefore, that warrantless ion swab was constitutional.

After doing so, the Court finds that there was not a sufficient basis for probable cause on Warrant 4. Like with the ion swab analysis above, there was no information tying the Impala to drug trafficking. Six suspicious interactions involving the Durango, one observation of Meeks using the Impala with his girlfriend, and an observation that the Durango was brought to a mechanic shop is insufficient. Thus, the Court finds that there is not a sufficient basis for a probable cause finding on Warrant 4. That being said, the Court finds that the *Leon* good faith exception applies to Warrant 4. The R&R aptly describes the *Leon* good faith exception. (*See* Doc. No. 82 at 9.) None of the four scenarios where the exception does not apply exist here. The Court finds that the *Leon* good faith exception applies and overrules Meeks's objections on Warrant 4.

### D.   Remaining Warrants

Meeks raises the same objections to the remaining warrants. The Court overrules those objections for the same reasons outlined above. Even after excising references to the ion swab of the Impala, the Court agrees with Magistrate Judge Docherty's nexus analyses and finds that the remaining warrants are supported by a sufficient basis.

Meeks also argues that the remaining warrants are fruit of the poisonous tree. The Court disagrees because information gathered under Warrant 1 was not used in the other warrants and the Court has found that all other warrants were valid, even if under the *Leon* good faith exception. *See, e.g.*, *United States v. Hallam*, 407 F.3d 942, 948 (8th Cir. 2005) (finding that good faith reliance on a first warrant "purge[d] any taint" that would require exclusion of evidence obtained pursuant to a second warrant under the fruit of the poisonous tree doctrine).

Lastly, Meeks challenges the dog sniff mentioned in the affidavit supporting the Bryant Avenue apartment search warrant. He argues the dog went within the curtilage of the apartment because the affidavit says the dog sniffed around the door seam. (Doc. No. 87 at 9-11.) He cites several Eighth Circuit cases about curtilage and asserts that this could be considered a search under the alternative trespass analysis. (*Id.*)

The key question here is whether the dog sniff was conducted in a common area. It is clearly established that there is "no 'generalized expectation of privacy in the common areas of an apartment building.'" *United States v. Brooks*, 645 F.3d 971, 976 (8th Cir. 2011) (quoting *United States v. McCaster*, 193 F.3d 930, 933 (8th Cir. 1999)). This includes common hallways. *See United States v. Scott*, 610 F.3d 1009, 1016 (8th Cir. 2010) ("[The dog] sniff of the apartment door frame from a common hallway did not constitute a search subject to the Fourth Amendment."). The cases Meeks cites are inapposite because the sniff in this case involved a common hallway. *See, e.g.*, *United States v. Burston*, 806 F.3d 1123, 1125 (8th Cir. 2015) (finding a dog sniff constituted a search where the apartment door opened to a grassy area with a grill, not a common area). The Court overrules Meeks's objection to the dog sniff.

## CONCLUSION

The Court finds that there was a substantial basis for a probable cause finding for all warrants except Warrants 1 and 4. The *Leon* good faith exception applies to Warrant 4 but not to Warrant 1. While the Court's reasoning differs slightly from Magistrate Judge Docherty's reasoning, the Court arrives at the same result. Accordingly, Meeks's motion to suppress is granted as to Warrant 1 and denied as to the remaining eight warrants.

## ORDER

Based upon the Court's careful review of the R&R and the record in this case, **IT IS HEREBY ORDERED** that:

1. The Government's objections (Doc. No. [86]) to Magistrate Judge John F. Docherty's June 6, 2025 Report and Recommendation are **OVERRULED**.

2. Defendant Denzel Christopher Meeks's objections (Doc. No. [87]) to Magistrate Judge John F. Docherty's June 6, 2025 Report and Recommendation are **SUSTAINED IN PART** and **OVERRULED IN PART**.

3. Magistrate Judge John F. Docherty's June 6, 2025 Report and Recommendation (Doc. No. [82]) is **ADOPTED IN PART** and **MODIFIED IN PART**.

4. Defendant Denzel Christopher Meeks's motion to suppress fruits of unlawful searches and seizures (Doc. No. [70]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is granted as to Warrant 1, the Facebook tracking warrant. Any evidence seized pursuant to this warrant shall be suppressed.

    b. The motion is denied as to all other warrants.

Dated: August 4, 2025

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge